El Pueblo de Puerto Rico, demandante y apelado, *v.*
Casimiro Figueroa, demandado y apelante.

No. 5287.—*Sometido:* Diciembre 19, 1930. *Resuelto:* Julio 9, 1931.

*Agustín E. Font,* abogado del apelante; *Attorney General James R.
Beverley* y *Felipe Janer, Subprocurador,* abogados del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del
tribunal.

Este es un procedimiento sobre expropiación forzosa ini-
ciado por El Pueblo de Puerto Rico contra Casimiro Figue-
roa. La parcela que se trata de expropiar radica en Villalba,
al lado de la zona urbana. Su superficie es de siete cuerdas
y veinte céntimos de otra. La obra pública para la cual se
reclama la parcela es la de la extensión de la Granja Agrícola

Insular establecida en Villalba. El precio ofrecido por El Pueblo al dueño de la tierra fué $1,080.

No hay cuestión alguna con respecto a la utilidad pública. Fué declarada, de acuerdo con la ley, por el Consejo Ejecutivo. Y examinada la contestación se concluye que el único problema que quedó planteado ante la corte fué el de la cuantía de la indemnización. La corte la fijó en los $1,080 ofrecidos y falló de conformidad. No conforme el demandado, apeló señalando en su alegato la comisión de varios errores.

■ Hemos examinado los errores. Creemos que la corte admitió quizá erróneamente algunos documentos presentados por el demandante, pero el error, de haberse cometido, no resultará perjudicial, atendida la conclusión a que hemos llegado y que expondremos en seguida.

■ Como dijimos, lo que está aquí envuelto es la cuantía de la indemnización. La expropiación procede.

Convenimos con el apelante en que la prueba demostró lo que sigue:

"Quedó probado fuera de toda duda que la parcela que se interesa expropiar está contigua a la zona urbana del pueblo de Villalba, y colinda, por la parte Norte, con otra finca de mayor cabida propiedad del propio demandado. También se probó a satisfacción, con prueba directa y clara, que dicha parcela colinda con la carretera, con el edificio escolar más importante de Villalba, con la planta hidroeléctrica Insular y con la Granja Agrícola. Y se probó, además, que cuando no existía nada de esto en aquellos alrededores, fué vendida una parcela de cerca de dos cuerdas a razón de quinientos dólares la cuerda, y que es precisamente el solar donde está el edificio escolar a que se ha hecho referencia. Se probó, también, que otras parcelas allí contiguas, se vendieron hace mucho tiempo a un precio de cerca de quinientos dólares la cuerda."

También quedó demostrado por la prueba que la parcela de que se trata estaba gravada por $4,230.50.

Con respecto a daños y perjuicios, la evidencia no es clara, pero no hay duda que habiendo demostrado el deman-

dado que es dueño de una finca de mayor extensión colindante con la parcela expropiada, algo necesariamente ha de sufrir al quedar su finca de mayor extensión sin su conexión por terrenos propios con el pueblo. Lo difícil es fijar ese algo en dólares y centavos.

Se cita en los alegatos mucha jurisprudencia sobre reglas para calcular el valor en estos casos. Lo que la ley basándose en la justicia requiere es que el ciudadano no sea privado de su propiedad sin el debido proceso de ley y sin que reciba la indemnización correspondiente. Dice al artículo 355 del Código Civil:

"Artículo 355. Nadie podrá ser privado de su propiedad sino por autoridad competente y por causa justificada de utilidad pública, previa siempre la indemnización correspondiente.

"Si no precediere este requisito, las cortes de distrito ampararán, y en su caso, reintegrarán en la posesión al expropiado.

"La indemnización comprenderá no sólo el valor de la cosa de la cual el propietario es privado, sino que también una remuneración por los daños y perjuicios que se le ocasionen con la privación de la propiedad."

A nuestro juicio, es patente el error de la corte de distrito al fijar la cuantía de la indemnización en este caso. Salta a la vista. No creemos que las siete cuerdas veinte céntimos valieran en el momento de la expropiación $25,000 como pretende el demandado, calculando su precio por metros, basándose en que las tenía para dedicarlas a una urbanización. Tierras urbanizables son en verdad y quizá con los años hubieran llegado a venderse solar a solar y a producir aun más de los $25,000. Pero ésa no puede ser una justa base para calcular su valor actual. Todas las circunstancias consideradas, nos parece que la indemnización que procede es la de tres mil seiscientos dólares.

*Debe, pues, modificarse la sentencia apelada en tal sentido, y así modificada, confirmarse.*